IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

Miroslav Fejfar,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 3:17-cv-191-MC

OPINION AND ORDER

MCSHANE, Judge:

Miroslav Fejfar, a citizen of the Czech Republic residing in the United States, brings this petition for writ of *habeas corpus*, challenging Magistrate Judge Papak's certification of an extradition request to send Mr. Fejfar back to the Czech Republic. Because Judge Papak did not err in certifying the request for extradition, and did not err in declining to stay certification, the petition is DENIED.

### PROCEDURAL AND FACTUAL BACKGROUND[1]

It is undisputed that in April 2001, despite his claims that law officials framed him, Mr. Fejfar was convicted in a Czech court of extortion and inducement to commit the offense of endangering the safety of the public. On July 31, 2001, the Municipal Court in Prague dismissed

---

[1] Having provided extensive briefings both here and before Judge Papak, the parties are well aware of the facts. As most of the facts are not in dispute, I include only a brief factual background here.

1

Mr. Fejfar's appeal and affirmed his three year sentence. The parties agree that under Czech law, the execution of Mr. Fejfar's sentence had a statute of limitations of five years. It is the tolling of this limitation period that is at the heart of the extradition proceedings challenged by Mr. Fejfar. In September 2001, the Czech trial court issued an order to deliver Mr. Fejfar to prison to enforce the sentence. For reasons unclear—and any possible reasons are immaterial to the issues presented—the Czech police never arrested Mr. Fejfar.

The parties agree that absent any tolling, Mr. Fejfar's April 2001 sentence would lapse in April 2006. The issue of tolling centers on whether a January 2006 order, issued by a clerk in the Czech trial court, "interrupted" (i.e., tolled) the limitations period.[2] Mr. Fejfar argues that because the 2006 order was unsealed and issued by a clerk rather than a judge, it did not interrupt the limitations period and Mr. Fejfar's sentence lapsed in April 2006. On the other hand, if the 2006 order interrupted (and thus restarted) the limitations period, the parties agree that Mr. Fejfar's sentence has not lapsed.

In 2010, the Czech court issued an international arrest warrant for Mr. Fejfar. On June 11, 2012, the Department of Homeland Security initiated a removal proceeding against Mr. Fejfar for overstaying his visa. Two months later, the Czech government formally requested Mr. Fejfar's extradition pursuant to the extradition treaty between it and the United States.

Mr. Fejfar conceded his removability in the immigration proceedings and filed for asylum on January 23, 2013. On March 31, 2016, the United States filed a petition for Mr. Fejfar's arrest with a view towards extradition. On September 22, 2016, the Board of

---

[2] As discussed below, the Czech equivalent to a statute of limitations provides that the limitation period does not include any time the person is abroad, and "shall be interrupted[] if the court takes steps to enforce a sentence to which the limitation period is related[.]" Ex. U at 13. "Interruption of the limitation period starts a new limitation period." *Id.* Mr. Fejfar traveled to, and has remained in, the United States as of June, 2009.

2

Immigration Appeals (BIA) administratively closed Mr. Fejfar's removal proceeding in the immigration court pending resolution of his extradition proceeding.[3]

On December 5, 2016, Judge Papak presided over a hearing concerning the contested certification for extradition. Mr. Fejfar argued his sentence had lapsed and, in the alternative, that Judge Papak should stay extradition pending the outcome of either: (1) his asylum proceedings; or (2) his ongoing challenge in Czech courts that his sentence had lapsed. Judge Papak rejected Mr. Fejfar's claims and certified the extradition request to the Secretary of State. This petition for writ of *habeas corpus* followed.

## STANDARD OF REVIEW

Review of a certification of extradition is only possible through a writ of *habeas corpus*. *Valencia v. Limbs*, 655 F.2d 195, 197 (9th Cir. 1981). The scope of *habeas* review of an extradition order is very narrow and this Court shall not rehear what the magistrate court has already decided. *Fernandez v. Philips*, 268 U.S. 311, 312 (1925). Rather, the reviewing court inquires only into whether the Judge certifying extradition had jurisdiction over the case and whether the evidence provided created a reasonable inference that the fugitive was guilty of an offense included in the Treaty. *Id.* When conducting a habeas corpus review for extradition purposes, factual findings are reviewed for clear error, while legal conclusions are reviewed *de novo*. *Santos v. Thomas*, 830 F.3d 987, 1001 (9th Cir. 2016) (*en banc*).

## DISCUSSION

Here, it is undisputed that the magistrate judge had jurisdiction over Mr. Fejfar's extradition proceeding and that the convictions are extraditable offenses pursuant to Article II of

---

[3] As discussed below, the BIA automatically stays, as a matter of course, all immigration proceedings pending extradition proceedings. The Ninth Circuit upheld this practice in *Barapind v. Reno*, 225 F.3d 1100 (9th Cir. 2000).

3

the Treaty.[4] 18 U.S.C. § 3184. Mr. Fejfar argues only that Judge Papak erred in certifying the extradition request because his sentence had lapsed and he therefore has no sentence left to serve. In the alternative, Mr. Fejfar argues Judge Papak: 1) violated his due process rights by certifying the request for extradition before Mr. Fajfer adjudicated his immigration proceedings; and 2) erred by declining to stay the extradition proceedings pending resolution of either Mr. Fejfar's immigration claims, or his ongoing litigation in the Czech Republic.

I. **The statute of limitations for Mr. Fejfar's sentence has not lapsed**

The parties agree that if Mr. Fejfar's conviction lapsed, it cannot serve as the basis for extradition under the treaty.[5] The parties also agree that if the 2006 order issued by the clerk "interrupted" the April 2001 conviction, Mr. Fejfar's limitation period resets as of 2006 and his limitations argument fails.

Because the 2006 order was unsealed, Mr. Fejfar takes the position that it was invalid and cannot serve as an "interruption" of the 2001 conviction.[6] In support of this argument, Mr. Fejfar provides several expert reports from Czech attorneys, scholars, and judges, offering their thoughts on the 2006 order's impact on the 2001 conviction. While the arguments raised are

---

[4] Under Article II of the Treaty, "a crime or offense shall be an extraditable crime or offense if it is punishable under the laws of the Requesting and Requested States by deprivation of liberty for a maximum period of more than one year or by a more severe penalty. A crime or offense shall also be an extraditable crime or offense if it consists of an attempt or conspiracy to commit, or participation in the commission of, an extraditable crime or offense. Where the request is for enforcement of the sentence of a person convicted of an extraditable crime or offense, the deprivation of liberty remaining to be served must be at least four months."

[5] Article V of the 1925 Treaty between the U.S. and Czechoslovakia states, "A fugitive criminal shall not be surrendered under the provisions hereof, when, lapse of time or other lawful cause, according to the laws of either of the countries within the jurisdiction of which the crime or offense was committed, the criminal is exempt from prosecution or punishment for the offense for which the surrender is asked."

[6] It is unclear if Mr. Fejfar continues to argue that because a clerk, rather than a judge, issued the 2006 order, it is invalid. Regardless, that argument fails for the same reasons discussed below.

4

interesting, they were already made to, and rejected by, multiple Czech courts during Mr. Fejfar's earlier appeals.[7]

Under Czech law, the statute of limitations is "interrupted . . . if the court takes steps to enforce a sentence to which the limitation period is related[.]" Ex. U at 13. "Interruption of the limitation period starts a new limitation period." *Id.* The record contains several exchanges regarding the statute of limitations between the United States Department of Justice and the Ministry of Justice of the Czech Republic.[8] On November 2, 2015, the Ministry of Justice stated:

> The limitation period was interrupted by issuing the order of 5 September 2001 that the person must be delivered for the execution of the sentence and on 8 October 2001 when the competent court bided the convict to start serving the prison sentence within the determined time limit. Consequently, the period was also interrupted on 18 January 2006 when the competent court issued the order that the person must be delivered for the execution of the sentence . . . .

Ex. U at 12-14.

In briefings before Judge Papak, "Mr. Fejfar argued that the 2006 order was invalid because it was not issued under seal and was signed by a clerk as opposed to a judge. Therefore, the 2006 Order could not have interrupted the statute of limitations, meaning Mr. Fejfar's sentence had expired." Br. in Supp. at 19 (internal citation omitted). In response to this argument, the government asked the Ministry of Justice to provide further guidance regarding the 2006 order. On December 1, 2016, on the eve of oral argument before Judge Papak, the Ministry provided further clarification. Ex. X. In that letter, the Ministry of Justice stated:

> **On 5 September 2001**, the District Court for Prague 8 issued the **Order to deliver Mr. Fejfar to prison** (hereinafter "the Order of 2001"). The Order was issued **under the court seal and was signed by a court clerk** named Karolina Skrickova. Its Czech copy is attached.

---

[7] Mr. Fejfar recently raised another challenge based on his interpretation of a recent opinion from the Constitutional Court in the Czech Republic. Pet.'s Br. in Supp., 2. This litigation, now at the appellate level, is ongoing.

[8] The correspondence from the Ministry of Justice has been translated into English.

5

> Pursuant to Section 11(1)(j) of the Act of 189/1994 Collection of Laws, on Court Clerks, **a court clerk, after previous authorization from a chairing judge, can independently take measures to ensure enforcement of sentences of imprisonment**. Thus, according to the Czech laws, **orders to deliver person to prison do not have to be signed by a judge** as they are only "technical" measures aiming at execution of a judgment that imposed a sentence of imprisonment (nevertheless, such measures are still valid reasons to interrupt the limitation period). Therefore, the "real" reason why the person should be delivered to prison is the judgment. The order to deliver a person to prison is just a measure to ensure execution of such a judgment, i.e. execution of the sentence.
>
> Orders to deliver person to prison must, as the defense attorney correctly claims, be issued under seal. As it is possible to see in the attachment, **the Order of 2001 to deliver Mr. Fejfar to prison was issued under the court seal.**
>
> **The Order of 2001 is still valid**. The documents issued on 18 January 2006, including the new Order to deliver Mr. Fejfar to prison (also as "the Order of 2006"), reflect only a change of address of Mr. Fejfar. They do not cancel the previous Order of 2001, just inform about Mr. Fejfar's new address in a district Kolin (previously Prague). As these documents were not issued under the seal, they cannot cancel the previous Order of 2001.

Ex. X at 2 (bold in original).

Seizing on the last sentence above—"As these [2006] documents were not issued under the seal, they cannot cancel the previous Order of 2001"—Mr. Fejfar argues:

> The 2006 Order is invalid and did not interrupt the statute of limitations. Therefore, Mr. Fejfar's five-year statute of limitations has long run, he no longer has any sentence to serve, and he is not subject to extradition under the terms of the treaty.

Br. in Supp. at 20.

For several reasons, Mr. Fejfar's argument fails. First, under Czech law, a statute of limitations is "interrupted . . . if the court takes steps to enforce a sentence to which the limitation period is related[.]" Ex. U at 13. While Mr. Fejfar argues the court must take "valid steps to enforce a sentence," the Czech law merely states the limitation is interrupted "if the court takes steps to enforce a sentence[.]" While the 2006 order was clearly a "step" taken by the court, only one versed in Czech law could know if the statute required a "valid" step. Second, as noted by

6

the December 1, 2016 letter from the Ministry of Justice, "orders to deliver a person to prison,"
such as the 2006 order to deliver Mr. Fejfar's to prison, "are only 'technical' measures aiming at
execution of a judgment . . . (nevertheless, such measures are still valid reasons to interrupt the
limitation period)."[9] Ex. X at 2. Third, the letter explicitly states Mr. Fejfar's sentence "**is not
statute-barred for lapse of time**." Ex. X at 2 (emphasis in original). Fourth, Mr. Fejfar
presented this argument to Czech courts and those courts rejected the arguments. Ex. X at 1
(noting Constitutional Court of the Czech Republic explicitly held Mr. Fejfar's sentence of
imprisonment is not time-barred).

Additionally, Mr. Fejfar's argument fails because it asks this Court to reject his sentence
based on a technical argument advanced under the intricacies of Czech law. Courts reviewing
certificates of extradition have rejected arguments that "savor of technicality." *Bingham v.
Bradley*, 241 U.S. 511, 517 (1916). In rejecting a "technical" challenge to the Russian criminal
code in upholding a certification of extradition, the Court explained:

> In the construction and carrying out of such treaties the ordinary technicalities of
> criminal proceedings are applicable only to a limited extent. . . . Care should
> doubtless be taken that the treaty be not made a pretext for collecting private
> debts, wreaking individual malice, or forcing the surrender of political offenders;
> but where the proceeding is manifestly taken in good faith, a technical
> noncompliance with some formality of criminal procedure should not be allowed
> to stand in the way of a faithful discharge of our obligations.

*Grin v. Shine*, 187 U.S. 181, 184-85 (1902).

---

[9] At oral argument, Judge Papak pointed out to Mr. Fejfar's attorney the "jump" she made between the Ministry's statement that the 2006 order did not "cancel" the 2001 order, to the argument that the 2006 order was therefore "invalid." Ex. V at 15-16. Judge Papak correctly noted, "Well, there's a jump you made there that I didn't. I saw—I mean, I saw all of this, but I—I didn't see—I didn't read in [the Ministry's December 2016 letter], with the clarity you're suggesting, that the order of 2006 was therefore invalid. What it says is they do not cancel the previous order; just inform about new address. As these documents were not issued under seal, they cannot cancel the previous order. Cancellation isn't the issue, I don't think. I mean, the issue was—the question was whether the order, as issued, serves to satisfy the interruption provision of the statute. Whether or not it cancelled the 2001 order or not, I'm not sure that's—that's at issue. And once again, that leads me to [the government's] question of should I be going there? This is arcane. It's translated into English. It's not always clear what's being said. Is this—can I read this the way you want it to read? Because it—the language that you've just quoted [] isn't in here. It doesn't say the 2006 order is invalid, that I can see." *Id.*

7

Again, this Court is not well-versed in Czech law and is ill-equipped to decide rather arcane and technical matters found in the Czech Collection of Laws. Czech courts are more suited to consider such arguments, and those courts have repeatedly concluded Mr. Fejfar's 2001 sentence is not time-barred. Like other courts rejecting technical-based limitations arguments to avoid extradition, "this Court will not question the reliability or trustworthiness of a judicial decree from a foreign nation." *In re Extradition of Jimenez*, 2014 WL 7239941 (D. Md. Dec. 16, 2014).

Judge Papak did not err in finding that the 2006 order reset the five year limitations period. Mr. Fejfar's travel abroad to the United States in 2009 tolled, and continues to toll, the limitations period.

## II. The certification for extradition does not infringe on Mr. Fejfars' rights

### A. The certification for extradition does not violate Mr. Fejfar's due process rights

Mr. Fejfar argues Judge Papak violated his due process rights by certifying extradition prior to the adjudication of Mr. Fejfar's immigration claims. This argument is meritless. The BIA administratively closed Mr. Fejfar's immigration case pending the outcome of the extradition proceedings pursuant to BIA policy. *See Barapind v. Reno*, 225 F.3d 1100, 1107 (9th Cir. 2000) (describing practice). The court in *Barapind* upheld the practice, holding:

> The resolution of the extradition case has no preclusive effect over the disposition of the asylum application, and the BIA reasonably concluded that the Secretary of State's determination of whether to issue an extradition warrant should not be confined by collateral attacks resulting from the pendency of the asylum application.[10] Therefore, the BIA acted reasonably and within the scope of its authority under § 3.1(d)(1) in holding Barapind's asylum proceedings in abeyance pending the completion of the extradition process.

*Id.* at 1114.

---

[10] "Once the magistrate has certified to the Secretary of State that the individual is extraditable and any habeas review has concluded, the Secretary in her discretion may determine whether the alien should be surrendered to the custody of the requesting state based on humanitarian or other concerns." *Barapind*, 225 F.3d at 1105.

*Barapind* forecloses Mr. Fejfar's due process claim. Judge Papak did not err in certifying extradition before the resolution of Mr. Fejfar's immigration claims.

**B. Judge Papak did not err by declining to stay the extradition proceedings pending resolution of Mr. Fejfar's immigration claims or his litigation in the Czech Republic**.

Mr. Fejfar argues Judge Papak erred by not granting a stay of his extradition proceedings pending the resolution of either his immigration claims or his ongoing litigation in the Czech Republic. A stay is not a matter of right, but an exercise of judicial discretion, highly dependent on the facts of the particular case at hand. *Nken v. Holder*, 566 U.S. 418, 433 (2009). The party requesting a stay must prove that his individual circumstances justify an exercise of that discretion. *Id.* at 433-34. Here, the circumstances do not justify a stay.

To warrant a stay of his extradition proceedings pending the resolution of his other legal proceedings, Mr. Fejfar must show that: (a) he is likely to succeed on the merits of his other legal proceedings; (b) he will suffer irreparable harm absent a stay; (c) granting a stay will not substantially injure the other parties in the proceeding; and (d) granting a stay is in the public interest. *Id.* at 434.

While Mr. Fejfar seeks a stay in order to proceed with his immigration claims, those immigration claims are "separate and independent" from the extradition proceedings. *Barapind*, 225 F.3d at 1104-05. Additionally, as discussed above, Judge Papak did not err in certifying the extradition order. Therefore, the public interest is not served by staying the valid extradition application from the Czech Republic. *See Artukovic v. Rison*, 784 F.2d 1354, 1356 (9th Cir. 1986) ("We note that the public interest will be served by the United States complying with a valid extradition application from [the requesting country] under the treaty. Such proper

compliance promotes relations between the two countries, and enhances efforts to establish an international rule of law and order.").

For similar reasons, Judge Papak did not err by denying Mr. Fejfar's request for a stay while he proceeds with litigation in the Czech Republic challenging the 2006 order. Mr. Fejfar also fails to demonstrate he is likely to succeed on the merits of his new legal challenge. As noted, several Czech courts have rejected Mr. Fejfar's argument that the 2006 order failed to interrupt the limitations period. Ex. X at 1.

## **CONCLUSION**

Because Magistrate Judge Papak did not err in certifying the request for extradition, and did not err in declining to stay certification, the petition is DENIED.

IT IS SO ORDERED.

DATED this 6th day of December, 2017.

                                                        /s/Michael J. McShane  
                                                            Michael J. McShane  
                                                        United States District Judge